**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5287**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL LONDON NEWKIRK,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:06-cr-00046-BR)

———————

Submitted: August 30, 2007          Decided:  September 5, 2007

———————

Before MICHAEL, KING and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sofie W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  George Edward Bell Holding, United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul London Newkirk pled guilty to two counts of an eight-count indictment to conspiracy to distribute and possess with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 (2000) (Count 1), and possession and discharging of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2000), 18 U.S.C. § 2 (2000) (Count 6). The district court sentenced Newkirk to an aggregate of 228 months' imprisonment, five years of supervised release on each count to run concurrently, and ordered payment of a $200 statutory assessment and a $10,900 fine.[1] Newkirk's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court properly considered Newkirk's ninth grade education during the Fed. R. Crim. P. 11 proceeding and whether Newkirk's waiver of his appeal rights in his plea was knowing and voluntary. Newkirk has filed a pro se supplemental brief, claiming ineffective

---

[1]The probation officer calculated an advisory sentencing guideline range for Newkirk of 108 to 135 months' imprisonment on Count 1, founded on a total offense level of 29 and a criminal history category of III, and a minimum consecutive sentence of 120 months' imprisonment on Count 6. After careful consideration of the facts and evidence, the district court made all the factual findings appropriate for that determination, and considered the advisory sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), prior to imposing sentence.

assistance of counsel in failing to object to the six-level enhancement of his sentence based on <u>U.S. Sentencing Guidelines Manual</u> § 3A1.2(c)(1) (2006).

Newkirk did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Newkirk's guilty plea. See <u>United States v. DeFusco</u>, 949 F.2d 114, 119-20 (4th Cir. 1991). Moreover, Newkirk is bound by the statements he made at the Rule 11 hearing, <u>see</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977), and we find no evidence that his plea, or his plea waiver,[2] was not knowing or voluntary. See <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991). Moreover, as there is no ineffective assistance of counsel found on the face of the record, we decline to consider Newkirk's claim on direct appeal. <u>United States v. DeFusco</u>, 949 F.2d at 120-21.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Newkirk's conviction and sentence.

---

[2]Even if Newkirk's appeal waiver were invalid, we find no viable issues for appeal, as stated <u>infra</u>.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>